IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KURTIS KING
5612 Wilson Lane                                    \*
Bethesda, Maryland 20814
                                                    \*
            Plaintiff,                                      Case No. _____
                                                    \*
v.
                                                    \*
HALEY BARBOUR, JR.
634 15th Street S., Apt. A                          \*
Arlington, Virginia 22202
                                                    \*
            Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Kurtis King ("Plaintiff" and/or "Mr. King"), by and through his undersigned

counsel, hereby sues Defendant Haley Barbour, Jr. ("Defendant" and/or "Mr. Barbour"; Mr.

King and Defendant shall collectively be referred to herein as the "Parties") and alleges as

follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Mr. King is an individual resident and citizen of the State of Maryland. Mr. King

was in the District of Columbia ("D.C.") on the night of April 30, 2015 when he was brutally

attacked by Defendant.

2.      Upon information and belief, Defendant is an individual resident and citizen of

the State of Virginia and/or the State of Mississippi. Defendant was also in D.C. on the night of

April 30, 2015 and caused serious physical and emotional harm upon Mr. King.

3.      Pursuant to 28 U.S.C. §1332(a)(1), this Court has jurisdiction over the Parties and

this action because Mr. King and Defendant are citizens and/or domiciles of different States and

because the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

1

4.      Further, this Court has personal jurisdiction over the Parties because Defendant committed a tortious act against Mr. King in D.C. and because Mr. King sustained injuries in D.C. as a result of Defendant's tortious act.

5.      Pursuant to 28 U.S.C. § 1391(b)(2), venue lies in D.C. because the events giving rise to the claims detailed herein occurred in D.C.

**FACTS COMMON TO ALL COUNTS**

6.      On or about April 30, 2015, Mr. King attended a dinner in D.C. with two (2) friends, Mr. Brian Diener ("Mr. Diener") and Ms. Jill Quinones ("Ms. Quinones"; collectively referred to with Mr. Diener as Mr. King's "Friends").

7.      After the dinner, at or around 11:00p.m. on April 30, 2015, Mr. King and his Friends walked east on the 900 block of H Street in N.W. D.C. towards a community area known as City Center.

8.      After reaching the City Center area and looking around momentarily, Mr. King and his Friends decided to end their evening out, and the three of them turned around and began walking back in the direction of their cars.

9.      As the three of them were walking back to their cars, heading west on the 900 block of H Street, N.W., D.C., Mr. King noticed a blonde female, later identified as Defendant's wife. The blonde female was standing next to the curb in front of the eastern end of the DBGB Restaurant, located at 931 H Street, N.W., Washington D.C. 20001; she was standing alone and appeared to be by herself.

10.     At the same time, Mr. King's Friends, who were walking a few steps ahead of Mr. King, noticed two males. One of the males, later identified as Defendant, was roughly play

2

fighting with the other male, and neither of the males appeared to be associated with the blonde female standing at the curb.

11.     As Mr. King walked past the blonde female, he complimented her appearance. Mr. King did not wait for and/or expect a response from the blonde female; he, instead, continued to walk west along H. Street in front of the DBGC restaurant, trailing slightly behind his Friends.

12.     After walking approximately twenty (20) feet past the blonde female and the two males, Mr. King heard a male voice from behind shouting and making fun of his hair style. Mr. King was confused as to why someone was shouting at and/or about him, so he turned around to see who was shouting.

13.     As Mr. King began to turn and face the east direction along the 900 block of H Street, N.W., D.C., Mr. King noticed that Defendant was running, full speed, directly towards him. Defendant was a much larger individual than Mr. King, and Defendant's aggressive and hurried approach combined with his larger stature caused Mr. King to feel immediately threatened and vulnerable.

14.     Without cause, notice, explanation, and/or reason, Defendant violently and physically attacked Mr. King. The attack occurred on the western end of the sidewalk in front of the DBGB Restaurant. Within a few seconds, Defendant had punched Mr. King (with a closed fist) in the face approximately one dozen times. Mr. King did not fight back against Defendant's aggressive and forceful attack, and his only reasonable option was to get in the fetal position and attempt to cover and protect his face and neck with his arms and hands.

15.     In the short seconds it took for Mr. King's Friends to realize that Defendant was attacking Mr. King and for them to run back towards the beating, Mr. King had sustained

3

numerous cuts and bruises on his face, neck, arms, and knees from Defendant's violent conduct. Further, Mr. King's nose was bleeding excessively and was visibly out of place, and his clothes were torn and blood-soaked.

16.     Upon Mr. King's Friends' approach and the approach of other unknown individuals in the immediate vicinity, Defendant got off of Mr. King and rushed back towards the blonde female (later identified as Defendant's wife) and his male friend (whom Defendant had been play fighting). Mr. Diener noticed the three of them speak very briefly and then each walked in different directions, with Defendant turning north just past the DBGB Restaurant towards the City Center restaurant and bar area.

17.     While Ms. Quinones was tending as best she could to Mr. King and waiting for the police and paramedics to arrive at the scene, Mr. Diener followed Defendant, at a safe distance, with the hope of being able to later explain to police his whereabouts.

18.     Mr. Diener observed Defendant walk into the bar at Del Frisco's Steakhouse, located at 950 I Street, #501, N.W., Washington, D.C. 20001, which is in or around the City Center area and just around the corner from the DBGB Restaurant.

19.     Moments later, Mr. Diener observed the blonde female and the other male who was previously with Defendant each sit down at the bar next to Defendant, despite the fact that the three of them had just moments before separated and walked in different directions after Defendant's attack on Mr. King.

20.     Immediately thereafter, Mr. Diener ran back to the scene of the incident in front of the DBGB Restaurant where Mr. King was then receiving aid from police and medics.

21.     Mr. King and his Friends were able to identify Defendant for the Metropolitan Police Department of D.C., and Defendant was arrested at Del Frisco's restaurant that night and

charged with aggravated assault. Defendant's felony criminal trial is currently pending in the Superior Court of D.C. (*see* Case No. 2015CMD006002).

22.     Mr. King was transported via ambulance from the scene to the George Washington University Hospital where he was officially diagnosed as having sustained a fractured nose and knee abrasions. Mr. King was discharged from the George Washington University Hospital on the early morning of May 1, 2015.

## COUNT ONE
## ASSAULT

23.     Mr. King incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

24.     On or about the night of April 30, 2015, Mr. King was walking west on the 900 block of H Street in N.W., D.C., when he turned around to the site of Defendant running, full speed and aggressively, directly towards him.

25.     Defendant's violent and aggressive approach intended to cause harmful and/or offensive contact with Mr. King and/or intended to cause immediate apprehension of harmful and/or offensive contact with Mr. King.

26.     Mr. King reasonably suffered immediate apprehension of harmful and/or offensive contact on account of Defendant's quick and aggressive approach at such a short distance. Defendant was of a much larger stature then Mr. King, and Mr. King reasonably felt immediately threatened by Defendant's hostile action. Furthermore, Defendant's aggressive nature and hurried approach at such a short distance left Mr. King with no reasonable ability to walk away and/or to evade the likely oncoming attack from Defendant.

27.     Defendant's violent and aggressive actions were perpetrated with actual malice and/or with reckless disregard for Mr. King's safety.

28.     As a direct result of Defendant's conduct and actions, Mr. King has suffered and will continue to suffer severe mental anguish, medical and other related expenses, and loss of income.

WHEREFORE, Plaintiff Kurtis King respectfully demands judgment against Defendant Haley Barbour, Jr. for compensatory damages, in an amount exceeding $75,000.00, plus punitive damages, interests, costs, and any other relief this Court deems appropriate.

### COUNT TWO
### BATTERY

29.     Mr. King incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

30.     On or about the night of April 30, 2015, Mr. King was walking west on the 900 block of H Street in N.W., D.C., when he turned around to the site of Defendant running, full speed and aggressively, directly towards him.

31.     Without cause, notice, explanation, and/or reason, Defendant, upon reaching Mr. King, hit and/or punched Mr. King (with a closed fist) approximately one dozen times. All of these strikes by Defendant were purposely aimed at Mr. King's face and/or head and were violently intended to cause harmful and/or offensive contact with Mr. King.

32.     Defendant's intentional conduct constitutes a harmful and/or offensive touching and was undertaken deliberately, with actual malice, and/or with reckless disregard for Mr. King's safety.

33.     As a direct result of Defendant's conduct and actions, Mr. King has suffered substantial damages, including, but not limited to, extreme and/or permanent pain and suffering, permanent and deliberating injury to his head, face, and brain, humiliation, mental distress, and monetary loss.

WHEREFORE, Plaintiff Kurtis King respectfully demands judgment against Defendant Haley Barbour, Jr. for compensatory damages, in an amount exceeding $75,000.00, plus punitive damages, interests, costs, and any other relief this Court deems appropriate.

### COUNT THREE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34.     Mr. King incorporates and adopts by reference each of the foregoing allegations as if alleged in full herein.

35.     On or about the night of April 30, 2015, Mr. King was walking west on the 900 block of H Street in N.W., D.C., when he turned around to the site of Defendant running, full speed and aggressively, directly towards him.

36.     Without cause, notice, explanation, and/or reason, Defendant, upon reaching Mr. King, hit and/or punched Mr. King (with a closed fist) approximately one dozen times. All of these strikes by Defendant were purposely aimed at Mr. King's face and/or head and were violently intended to cause harmful and/or offensive contact with Mr. King.

37.     Defendant committed his violent and aggressive attack against Mr. King despite the fact that such conduct was perpetrated in the plain sight of many witnesses on a busy public sidewalk and in front of a crowded restaurant.

38.     Defendant's violent and aggressive conduct constituted extreme and outrageous conduct and was beyond any bounds of decency in society.

39.     Defendant's violent and aggressive conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to Mr. King.

40.     Defendant's violent and/or aggressive conduct was malicious, intentional, and willful.

41.    As a direct result of Defendant's conduct and actions, Mr. King has suffered, and will continue to suffer, severe and extreme emotional distress.

WHEREFORE, Plaintiff Kurtis King respectfully demands judgment against Defendant Haley Barbour, Jr. for compensatory damages, in an amount exceeding $75,000.00, plus punitive damages, interests, costs, and any other relief this Court deems appropriate.

### DEMAND FOR A JURY TRIAL

Plaintiff Kurtis King hereby respectfully demands a jury trial on all matters triable by right to a jury in this case.

Respectfully submitted,

Roger C. Simmons, Esq. (Bar No. 12195)
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, Maryland 21702
301-662-9122 (office)
301-698-0392 (fax)
dwise@gordonsimmons.com
*Counsel for Plaintiff Kurtis King*