**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| KURTIS KING,<br><br>        Plaintiff<br><br>    v.<br><br>HALEY BARBOUR, JR.,<br><br>        Defendant |

Civil Action No. 16-727 (CKK)

**MEMORANDUM OPINION**
(February 28, 2017)

    This case arises from a physical altercation that took place between Plaintiff and

Defendant[1] on April 30, 2015.  Plaintiff alleges that Defendant attacked him on a sidewalk after

Plaintiff complimented the appearance of a woman who Plaintiff later learned was Defendant's

wife.  Plaintiff filed this civil lawsuit asserting causes of action for assault, battery and

intentional infliction of emotional distress.  Defendant is also facing criminal charges associated

with the alleged assault.  Defendant filed an Answer in this lawsuit and asserted various

counterclaims.  Pending before the Court is Plaintiff's [32] Motion to Dismiss Defendant's First

Amended Counterclaim.

    Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a

whole, the Court GRANTS Plaintiff's [32] Motion to Dismiss.  First, the Court holds that

---

[1] For the purposes of this Memorandum Opinion, Plaintiff/Cross-Defendant is referred to as
"Plaintiff," and Defendant/Cross-Plaintiff is referred to as "Defendant."
[2] The Court's consideration has focused on the following documents:
  • Pl.'s Mot. to Dismiss Def.'s Am. Counterclaim ("Pl.'s Mot."), ECF No. 32;
  • Def.'s Opp'n to Pl.'s Mot. to Dismiss ("Def.'s Opp'n"), ECF No. 36; and
  • Pl.'s Reply Mem. in Support of Mot. to Dismiss ("Pl.'s Reply"), ECF No. 37.
In an exercise of its discretion, the Court finds that holding oral argument in this action would

Case 1:16-cv-00727-CKK   Document 44   Filed 02/28/17   Page 2 of 10

Defendant's counterclaim for assault is barred by the statute of limitations.  Second, the Court holds that Defendant's counterclaims for defamation or libel and false light invasion of privacy are barred by the judicial proceedings privilege.

## I. BACKGROUND

Plaintiff alleges that on April 30, 2015, he left a restaurant in the District of Columbia with two friends and headed toward his car.  Compl., ECF No. 1, at ¶¶ 6-8.  According to Plaintiff, he then complimented a woman he saw on the street, whom he believed to be alone, on her appearance.  *Id.* ¶¶ 10-11.  Plaintiff alleges that after continuing to walk for a brief period, he heard shouting and turned around, only to see Defendant running at him.  *Id.* ¶¶ 12-13.  Defendant then allegedly attacked Plaintiff, causing him serious physical injuries.  *Id.* ¶¶ 14-15.  Defendant was arrested later that night and faces felony assault charges relating to this incident.  *Id.* ¶ 21.  Plaintiff filed his Complaint in this case on April 19, 2016, asserting causes of action for assault, battery, and intentional infliction of emotional distress.  *Id.* ¶¶ 23-41.

On May 14, 2016, Defendant filed an Answer and Counterclaim.  Def.'s Answer and Counterclaim, ECF No. 11.  In Defendant's Counterclaim, he alleged that on the night in question he was out with his wife when Plaintiff "brushed up against [Defendant's wife's] arm and body while making a shocking, disrespectful, and insulting comment."  *Id.* ¶ 2.  Defendant alleged that he heard Plaintiff's comment and asked Plaintiff "what did you say?"  *Id.* ¶ 3.  According to Defendant, Plaintiff then charged toward him with the apparent intention of injuring both he and his wife.  *Id.* ¶¶ 5-6.  Defendant alleged that he only then hit Plaintiff after Plaintiff attempted to strike him, and only in defense of himself, his wife, and a friend.  *Id.* ¶¶ 7-

---

not be of assistance in rendering a decision.  *See* LCvR 7(f).

11.  Defendant claims that he suffered injuries to his hand as a result of the incident.  *Id.* ¶ 12.

Based on these facts, Defendant asserted counterclaims for assault, intentional infliction of

emotional distress, defamation or libel, and false light invasion of privacy.  *Id.* ¶¶ 13-50.

Defendant has since amended his Counterclaim to remove his claim for intentional infliction of

emotional distress.  Def.'s First Am. Counterclaim, ECF No. 29 ("Am. Counterclaim").

Plaintiff has filed a motion to dismiss Defendant's Amended Counterclaim under Federal

Rule of Civil Procedure 12(b)(6).  Pl.'s Mot.  That motion has been fully briefed and is now ripe

for resolution.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a pleading on the grounds that it

"fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A]

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 557 (2007)).  Rather, a complaint, or counterclaim, must contain sufficient factual

allegations that, if accepted as true, "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

The Court will dismiss Defendant's Counterclaim in its entirety under Rule 12(b)(6) for

two reasons.  First, Defendant's counterclaim for assault is barred by the statute of limitations.

Second, Defendant's counterclaims for defamation or libel and false light invasion of privacy are

3

barred by the judicial proceedings privilege.  Although the Court will dismiss Defendant's counterclaim for assault with prejudice, the Court will only at this time dismiss Defendant's counterclaims for defamation or libel and false light invasion of privacy without prejudice to Defendant moving to amend those claims by no later than March 14, 2017.

## A.  Defendant's Counterclaim for Assault is Barred by the Statute of Limitations

First, the Court will dismiss Defendant's counterclaim for assault because it is barred by the statute of limitations.  The statute of limitations for civil assault claims in the District of Columbia is one year.  D.C. Code § 12-301(4); *Redding v. D.C.*, 828 F. Supp. 2d 272, 283 (D.D.C. 2011).  Defendant's civil assault counterclaim is based on an incident that allegedly occurred on April 30, 2015.  *See* Am. Counterclaim ¶ 14.  Defendant first filed his Counterclaim over one year after that date, on May 14, 2016.  *See generally* Def.'s Answer and Counterclaim, ECF No. 11.  It is accordingly untimely and barred by the statute of limitations.

Defendant does not dispute these facts, but argues that his counterclaim should be considered timely because it constituted a compulsory counterclaim and was properly filed along with Defendant's Answer in accordance with Federal Rule of Civil Procedure 13(a).  Def.'s Opp'n at 2-3.  In other words, Defendant asks the Court to hold that Plaintiff's filing of his Complaint in this case tolled the statute of limitations with respect to Defendant's compulsory counterclaim, and that so long as Defendant then filed his counterclaim along with his Answer pursuant to Rule 13(a), that claim was timely.

This approach is not supported by the Federal Rules or the applicable case law.  As an initial matter, the Court agrees with Defendant that his counterclaim arises from the same transaction or occurrence as Plaintiff's claims and therefore is a compulsory counterclaim under

Rule 13.  Fed. R. Civ. P. 13(a).  However, "[t]he text of Rule 13(a) itself does not offer any

solution to the problem of whether the institution of an action tolls the running of the limitations

period on compulsory counterclaims or reflect any federal policy on the question."  6 Fed. Prac.

& Proc. Civ. § 1419 (3d ed.).  The solution to this problem is instead derived from state law, and

in *Hartford Acc. & Indem. Co. v. Pro-Football, Inc.*, 127 F.3d 1111 (D.C. Cir. 1997), the Court

of Appeals for the D.C. Circuit held that under D.C. law, "a genuine counterclaim, i.e., one going

'beyond matters of defense' such as recoupment, 'must be viewed as an affirmative cause of

action and *should therefore be tested apart from the primary claim in determining whether the*

*statute of limitations would bar the counterclaim.*'"  *Id.* at 1119 (quoting *Sears, Roebuck & Co.*

*v. Goudie*, 290 A.2d 826, 830 (D.C. 1972)) (emphasis in original); *see also Sullivan v. Hoover*, 6

F.R.D. 513, 513 (D.D.C. 1947) ("a counterclaim is barred by the Statute of Limitations in the

same manner as would be a separate action based on the asserted facts, except as the same comes

within the principles allowing recoupment to be used as a defense.").  Accordingly, regardless of

the fact that Defendant's counterclaim for assault was a compulsory one, Defendant was required

to assert his claim within the one year statute of limitations.  Because he did not do so, his claim

must be dismissed.[3]

---

[3] Defendant also briefly argued in his Opposition that the statute of limitations should not apply
to bar his claim because Plaintiff should not have been surprised by the counterclaim and there is
no risk that evidence became unavailable due to the delay in filing.  Def.'s Opp'n at 3-4.
Although the Court acknowledges that these are among the purposes for the existence of statutes
of limitation in general, the Court does not find these vague purpose-based arguments
persuasive.  Defendant plainly did not file his claim within the statutory period, and has offered
no excuse or justification for doing so, nor any tolling doctrine that applies.  Accordingly, the
Court finds it appropriate in this case to dismiss Defendant's claim as untimely.

However, as Plaintiff acknowledges, Defendant's claim that Plaintiff assaulted him may remain as a recoupment defense. "[R]ecoupment is the right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction." *United States v. Kellogg Brown & Root Servs., Inc.*, 856 F. Supp. 2d 176, 184 (D.D.C. 2012). It is a "procedural device[ ] by which a defendant seeks to reduce the amount he owes to a plaintiff by the value of the plaintiff's cross-obligations to the defendant." *Nashville Lodging Co. v. Resolution Trust Corp.*, 59 F.3d 236, 246 (D.C. Cir. 1995). Claims for recoupment may be brought "even if they would otherwise be barred by the statute of limitations" if they had been asserted as independent causes of action. *Davis v. United States*, 569 F. Supp. 2d 91, 97-98 (D.D.C. 2008); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) ("as a general matter a defendant's right to plead recoupment, a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded, survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action.") (internal quotations & citations omitted). As stated above, Defendant's assault counterclaim clearly arises from the same transaction or occurrence as Plaintiff's assault claim. It can therefore be viewed by the Court as a valid recoupment defense. Accordingly, although the Court will dismiss Defendant's counterclaim for assault as untimely to the extent it represents an independent cause of action, the Court will construe that claim as a recoupment defense that Defendant may present in an effort to reduce any amount of damages that may be awarded to Plaintiff in this case.[4]

---

[4] On February 17, 2017, the Court notified Defendant during a teleconference with the parties and in a subsequent Order that the Court's research had indicated that compulsory counterclaims must be filed within the statute of limitations to the extent they represent more than a mere

**B.  Defendant's Counterclaims for Defamation, Libel and False Light Invasion of Privacy are Barred by the Judicial Privilege**

The Court also will dismiss Defendant's counterclaims for defamation or libel, and for false light invasion of privacy.  These claims are based entirely on statements Plaintiff made in his Complaint in this action and are accordingly protected by the judicial proceedings privilege.  "The judicial proceedings privilege . . . is well-settled in District of Columbia law." *Messina v. Krakower*, 439 F.3d 755, 760 (D.C. Cir. 2006).  "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Id.* (quoting Restatement (Second) of Torts § 586 (1977)).  "[T]he judicial proceedings privilege applies to the range of potential participants in a legal proceeding—including attorneys, parties, judicial officers, witnesses, and jurors." *Marsh v. Hollander*, 339 F. Supp. 2d 1, 8 (D.D.C. 2004).  "It is appropriate for a court, in considering a 12(b)(6) motion, to decide any preliminary questions of absolute privilege such as the judicial proceedings privilege." *Id.* at 7.

Defendant's defamation or libel and false light invasion of privacy claims are based entirely on Plaintiff's initiation of this lawsuit and the statements in Plaintiff's Complaint.  The allegedly false statements underlying Defendant's defamation/libel counterclaim are all statements in Plaintiff's Complaint, *see* Am. Counterclaim ¶ 28 ("Mr. King caused these

---

recoupment defense.  *See* Order, ECF No. 42.  The Court gave Defendant until February 24, 2017, to notify the Court if it had found any case law applicable to this jurisdiction that states that a compulsory counterclaim that is filed after the running of the statute of limitations can be maintained as an independent cause of action, as opposed to solely as a recoupment defense.  *Id.* Defendant did not file any support for this proposition by February 24, 2017, nor has he filed any such support by the date of this Memorandum Opinion.

statements to be published in the complaint in this action which is accessible to the public."), and those same allegedly false statements form the basis of Defendant's false light claims, *see id.* ¶ 37 ("By filing his complaint, Mr. King knew that the facts contained therein would become a matter of public knowledge."). Allegations in a complaint clearly fall within the judicial proceedings privilege. *See Messina*, 439 F.3d at 760 (privilege protects statements made "in the institution of, or during the course and as a part of, a judicial proceeding . . . .").

Defendant does not dispute that the statements about which he complains were made in Plaintiff's Complaint, but argues that "[t]here is a reasonable inference, given Mr. King's false statements and unprovoked aggressive actions toward Mr. Barbour that he, or someone at his direction, spoke with individuals in the media regarding this civil court action with the intention of having information disseminated in the press in order to humiliate or ruin Mr. Barbour's reputation," and that such disclosures would not be protected by the judicial proceedings privilege. Def.'s Opp'n at 5. Although it is true that "the judicial proceedings privilege does not apply to statements 'published to persons not having an interest in or connection to the litigation,'" *Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 140 (D.D.C. 2009) (quoting *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 342 (D.C. 2001)), this argument does not save Defendant's counterclaims from dismissal under Rule 12(b)(6) because allegations of such unnecessary dissemination are completely absent from Defendant's Counterclaim.

Apparently recognizing this, Defendant asks the Court to only dismiss his claims without prejudice so that he might file a motion to amend to add such allegations. Defendant claims that "[i]n the course of discovery, [Defendant] received information that [Plaintiff] disclosed false

information to sources unrelated to this case solely for the purpose of publication in the media and in an attempt to embarrass and humiliate [Defendant]." Def.'s Opp'n at 6. Defendant offers only this vague claim, and no discrete examples of allegedly defamatory statements, despite the fact that he had already had over six months to conduct discovery. Nonetheless, the Court will only dismiss Defendant's counterclaims without prejudice at this point, but warns Defendant against filing a motion to amend that is frivolous, not supported by specific facts or otherwise clearly futile. As indicated in the Court's February 17, 2017 Order, Defendant shall either move to file an amended counterclaim incorporating new facts that support his assertion that his defamation/libel and false light invasion of privacy counterclaims are not barred by the judicial proceedings privilege, or file a notice with the Court stating that he does not intend to do so, by March 14, 2017. The Court makes no decision at this time regarding whether a motion to amend the Counterclaim would be granted, especially in light of the fact that the deadline to amend pleadings has long since passed and discovery is nearing a close.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's [32] Motion to Dismiss Defendant's First Amended Counterclaim is GRANTED.  First, Defendant's counterclaim for assault is barred by the statute of limitations and is therefore DISMISSED WITH PREJUDICE, to the extent it represents anything more than a recoupment defense.  Second, Defendant's counterclaims for defamation or libel and false light invasion of privacy are barred by the judicial proceedings privilege.  These claims are DISMISSED WITHOUT PREJUDICE.  Defendant may move to amend these claims or file a notice with the Court stating that he does not intend to pursue them by no later than **March 14, 2017**.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge